GEORGE PSAROUDIS and THOMAS PSAROUDIS, Doing Business under the Firm Name and Style of BRIGHT STAR AND SUNSHINE LAUNDRY COMPANY, Respondents, *v.* RACHEL MARKOWITZ, Individually and as Sole Executrix of the Estate of HERMAN MARKOWITZ, Deceased, Appellant.

First Department, June 2, 1922.

Depositions — examination of plaintiff on own application should not be granted before issues are settled — at time of application plaintiff had not complied with order to separately state cause of action on contract or stipulate that action was in tort — notice of examination inadequate when served late on afternoon of day before examination.

An order made on the application of the plaintiffs for the examination of one of the plaintiffs before trial on the ground that he was about to leave the country on the advice of his physician should not be granted, where it appears that on the original trial of the case there was a defect of proof to support the complaint in an action on contract; that thereafter plaintiffs were granted leave to serve an amended complaint, but on a motion by the defendant the plaintiffs were ordered to separately state a cause of action on contract, unless they should within five days stipulate that they intended to state but a single cause of action *in tort*, and that at the time of the application for the examination the plaintiffs had not filed the stipulation required nor served an amended complaint in compliance with the decision, upon which no order was entered, for at the time of the application the issues in the action had not been settled, and until the amended complaint and the answer thereto had been served, there were no issues which could be the subject of examination.

Furthermore, the order for the examination which was granted on August 4, 1921, directing that the examination take place at ten-thirty A. M. the next day and that service on the defendant would be sufficient if made before six P. M. of the day on which it was granted, did not give the defendant adequate notice.

APPEAL by the defendant, Rachel Markowitz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of September, 1921, denying defendant's motion to vacate and set aside an order for the examination before trial of George Psaroudis, one of the plaintiffs.

*Max Altmayer* of counsel [*Isaac Steinhaus* with him on the brief], for the appellant.

*Frank W. Jackson* [*Frederick W. Bisgood* of counsel; *Herbert C. Smythe* with him on the brief], for the respondents.

DOWLING, J.:

This action was commenced January 22, 1919. Issue was joined February 26, 1919, and the case was placed upon the calendar

of the court and reached for trial December 6, 1920. Upon the trial there was a defect of proof to support the complaint in its then form, it being based on breach of contract. An application was made to the trial court to change the cause of action from one upon contract to one in tort. This application being denied, plaintiff moved for leave to withdraw a juror, which was granted, and thereafter an application was made at Special Term for leave to serve an amended complaint, which was granted. The amended complaint having been served, defendant moved for an order requiring the plaintiff to separately state and number various causes of action alleged to have been set forth in the complaint, for the reason that said complaint contained more than one cause of action, sounding both in tort and on contract, and further requiring that said complaint be made more definite and certain, as well as to strike out certain allegations therein as redundant and irrelevant. Said motion came on to be heard and was granted to the extent of requiring the plaintiffs to separately state a cause of action on contract, unless they should within five days stipulate that they intended to state but a single cause of action in tort. The court said in its opinion that although plaintiff had pleaded a good cause of action in tort, yet it was possible, under the pleading, for plaintiff to rely on certain allegations and disregard others as surplusage, and so state a cause of action on contract. The plaintiffs have never filed the stipulation required by the decision of the court, nor have they ever served an amended complaint in compliance with the decision of the court, upon which no order has ever been entered. This decision was rendered July 28, 1921.

On August 4, 1921, an *ex parte* application was made for an order for the examination of George Psaroudis, one of the plaintiffs herein, as a party, and for the taking of his deposition pursuant to sections 870, 872 and 873 of the Code of Civil Procedure. This application was based upon the affidavit of George Psaroudis, verified August 4, 1921, which, among other things, set forth that he was a complete physical wreck, with only one hope of final recovery in a complete change of climatic conditions, and that he had been living in the hope that this action would be tried and a conclusion reached for almost a year, for which reason he had remained in and around New York, but that he was advised by his counsel that the case would not be reached for trial for several months and his health had grown worse, so that his physician had advised him that a trip to Greece would do him good and urged him to depart immediately; that he had learned that certain friends of his family had booked passage on a steamship leaving for Greece

33

on August sixth and that would·be his only opportunity to sail for months.   His physician made an affidavit that Psaroudis had been under his care and treatment for over two years, and had phthisis in an advanced form, and that an immediate change of climate was imperative.   Upon these affidavits an order was made directing that the examination of Psaroudis be had on August 5, 1921, at ten-thirty o'clock in the forenoon, and that  service of a copy of the order on or before six o'clock on August  fourth on the attorney for the defendant be deemed sufficient.   Defendant has moved to vacate and set aside this order upon affidavit, and from an order denying such motion the present appeal is taken.

In our opinion the motion should have been granted.   In the first place, at the time the order was made the issues in the action had not been settled.   No complaint had been served which complied with the objections found to exist by the court upon the decision of the motion to separately state and number the causes of action set forth in the complaint.   It was, therefore, still undetermined whether plaintiff intended to stand upon the cause of action on contract or one in tort.   Until the amended complaint had been served and the answer thereto also served, there were no issues which could be the subject of the examination sought which, as set forth in the order for the examination, was to be " as to matters relevant to the issues."

Furthermore, the notice of examination provided for, under the circumstances in this case, was inadequate.   This cause of action had been pending for more than two years and a half, and the illness of Psaroudis with the ailment from which he is still suffering  had  existed  for  upwards  of  two  years,  during  which time he had had medical treatment and was aware of his serious condition.   His sudden determination to leave for Greece by a particular  steamer  affords  no  valid  reason  for  compelling  the defendant to attend and take part in an examination of one of the plaintiffs at half past ten in the morning on the day following service, which service might have been made at any time up to six o'clock on the preceding evening, and, as a matter of fact, was not made until five-fifteen P. M.   This affords an attorney no reasonable opportunity of reaching his client, nor of preparing himself for a suitable cross-examination of an adverse party.   Psaroudis admits that he had made up his mind on Monday, August first, to leave by this steamer, and his duty was to have made the application at once in order that the defendant's attorney might have a reasonable time to prepare for the examination.

For these reasons the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate

the order for the examination of George Psaroudis granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.